THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES WELLMAN,                                *
                Petitioner,
    v.                                            *  CIVIL ACTION NO. JFM-12-1242

STATE OF MARYLAND                     *
                Respondent.
                                ***

**<u>MEMORANDUM</u>**

James Wellman, a federal detainee housed at the Maryland Correctional Adjustment Center, filed this petition for writ of error *coram nobis* on or about April 18, 2012. Wellman is awaiting sentencing on a federal drug charge in *United States v. Wellman*, Criminal No. JFM-09-310 (D. Md.). He is seeking the writ in order to vacate a previous conviction entered in the Circuit Court for Baltimore County in 2007, out of concern that the "improper conviction" would result in his receiving "sentence enhancement by the Federal Court." ECF No. 1.

The claims raised by Wellman in this case go to the voluntariness of his guilty plea and the effectiveness of his counsel in his state court criminal case before the Honorable Michael Finifter. Citing Maryland caselaw, Wellman claims that Judge Finifter did not adequately ascertain Wellman's ability to enter a plea. Specifically, Wellman claims that he was under the influence of Sudafed and therefore his plea was involuntarily and unknowingly entered. *Id.*

"*Coram nobis* is an extraordinary remedy to be granted only under compelling circumstances to correct errors of the most fundamental nature." *Kramer v. United States*, 579 F. Supp. 314, 315 (D. Md. 1984) (citations omitted). Although abolished in most civil actions, *see* Fed. R. Civ. P. 60(b), *coram nobis* is still available to challenge a criminal conviction "under

"circumstances compelling such action to achieve justice."[1]  *United States v. Morgan*, 346 U.S. 502, 511 (1954).

Federal courts lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of *coram nobis*.  This circuit and six other courts of appeal have addressed this question and ruled that the district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts. *See Thomas v. Cunningham,* 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis....cannot issue under the instant proceeding....for the judgments are not in the court which Thomas has petitioned.");[2] *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2nd Cir. 2006) (district courts lack subject matter jurisdiction over writs of *coram nobis* to set aside judgments of state courts); *Obado v. New Jersey,* 328 F.3d 716, 718 (3rd Cir. 2003) ("*coram nobis* is not available in a federal court as a means of attack on a state criminal judgment"); *Sinclair v. Louisiana,* 679 F.2d 513, 514 (5th Cir. 1982) ("[T]he writ of error *coram nobis* is not available in federal court to attack state criminal judgments."); *Lowery v. McCaughtry,* 954 F.2d 422, 423 (7th Cir. 1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using *coram nobis* to set aside a judgment rendered by another court."); *Booker v. Arkansas,* 380 F.2d 240, 244 (8th Cir. 1967) ("Relief by the writ....is available, if at all, only in the court which rendered the judgment under attack."); *Rivenburgh v. Utah,* 299

---

[1] To obtain *coram nobis* relief, a petitioner must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for [the] failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by the granting of the writ.  *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2001) (citations omitted).

[2] *See also In re West*, 3 Fed. Appx. 135 (4th Cir. 2001).

F.2d 842, 843 (10th Cir. 1962) ("use of the writ is limited by tradition and rule....and cannot be used as a.....collateral writ of error between state and federal jurisdictions");

Federal *coram nobis* relief is thus not available to attack Wellman's Baltimore County conviction. He is not without remedy as he may file a petition for writ of error *coram nobis* in the Maryland courts.[3] *See generally Skok v. State*, 760 A.2d 647 (Md. 2000);[4] *State v. Hicks*, 773 A. 2d 1056 (Md. App. 2001). Accordingly, a separate Order will be entered dismissing the petition without requiring a response from respondent.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001)

---

[3] The court observes that while Wellman intended to file a copy of his writ in this court, it is captioned to be filed in the Circuit Court for Baltimore County and the certificate of service includes the Clerk of the Circuit Court for Baltimore county and the State's Attorney for Baltimore County. It appears that Wellman has also filed the writ in state court.

[4] In *Skok,* the Court of Appeals of Maryland delineated only five qualifications to *coram nobis* relief. These qualifications are: (1) the grounds for challenging criminal conviction must be of a constitutional, jurisdictional, or fundamental character; (2) the presumption of regularity attaches to criminal case, and burden of proof is on the *coram nobis* petitioner; (3) the *coram nobis* petitioner must be suffering or facing significant collateral consequences from conviction; (4) the basic principles of waiver are applicable to issues raised in *coram nobis* proceedings; and (5) one is not entitled to challenge a criminal conviction by a *coram nobis* proceeding if another statutory or common law remedy is then available. *See Skok*, 760 A.2d at 661-663.

(quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  The court will not issue a COA because petitioner has not made the requisite showing.


Date:  ___May 7, 2012_____            ____/s/_____
                                      J. Frederick Motz
                                      United States District Judge